IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN DALE MANNAHAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | Civil Action No. 3:04-CV-2698-D |
| VS. | § | |
| | § | |
| DOUGLAS DRETKE, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## **ORDER**

After reviewing all relevant matters of record in this case, including the findings, conclusions, and recommendation, and supplemental findings and conclusions, of the United States Magistrate Judge, and the objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge is of the opinion that the recommendation of the magistrate judge is correct and it is adopted. Accordingly, by judgment filed today, this action is dismissed without prejudice for want of jurisdiction.

In adopting the recommendation and dismissing this action for lack of jurisdiction, the court notes that, to the extent petitioner challenges his Hunt County convictions in cause numbers 16,184 and 16,185 pursuant to 28 U.S.C. § 2241, this court is without jurisdiction to consider the petition because those convictions have expired, and petitioner is no longer "in custody" for them. *See Pack v. Yusuff*, 218 F.3d 448, 454 n.5 (5th Cir. 2000) ("[Section] 2241 require[s] that at the time a prisoner files a motion or petition, he must be 'in custody' for the conviction or sentence he wishes to challenge in order for the habeas court to have jurisdiction."). Therefore, even if petitioner is attempting to challenge those convictions under § 2241, this court lacks jurisdiction to grant relief.

The court dismisses this petition without prejudice for want of jurisdiction.

**SO ORDERED**.

August 16, 2005.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE